```
                                  UNITED STATES DISTRICT COURT
                                  SOUTHERN DISTRICT OF FLORIDA

                                  CASE NO. 08-22758-CIV-LENARD
                                  MAGISTRATE JUDGE P.A. WHITE

PEDRO FLORES-ESTRADA,             :

     Plaintiff,                   :

v.                                :
                                        PRELIMINARY REPORT
WARDEN WOMBACHER, ET AL.,         :     OF MAGISTRATE JUDGE

     Defendants.                  :
_____
```

I.   Introduction

This Cause is before the Court upon the plaintiff Pedro Flores-Estrada's Amended Complaint. [DE# 22]. The plaintiff, a federal prisoner confined at the Federal Correctional Institution Allenwood (White Deer, Pennsylvania), has filed an amended pro se civil rights complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2674, et seq. and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).[1] The plaintiff is proceeding in forma pauperis. [DE# 8].

---

[1] Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In Bivens, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right. Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution. "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981). Thus, courts generally apply §1983 law to Bivens cases. Abella v. Rubino, 63 F.3d 1063, 1065 (11 Cir. 1995).

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

## II. <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \*   \*   \*
>
> (B) the action or appeal –
>
> \*   \*   \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must

be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff now names as the sole defendant FCI-Miami Lt. Miller, in his individual capacity under Bivens and in his official capacity under the FTCA, which is construed as a claim against the United States.  The plaintiff alleges that on July 15, 2007 after he "chose to exercise his constitutional rights to be present during a cell shakedown" Miller retaliated against him by taking him to the Special Housing Unit (SHU).  He claims that Miller further retaliated against him by refusing to permit him to have a bottom bunk, even though the plaintiff had a lower bunk pass and despite calling medical and apparently being told that the plaintiff should be housed in a bottom bunk.[2]  The plaintiff alleges that he needed a bottom bunk because he had an injured right hand. He details that he had difficulty getting on the top bunk and, the next day while climbing down the bunk, his hand "gave

---

[2] The Amended Complaint contains contradictory facts: in ¶2 of the "Factual Allegations" the plaintiff states that "he needed a bottom bunk pass;" while in the Conclusion he states that he "had a lower bunk pass due to pre-existing medical condition in his hand."

4

away" and he fell on the floor and was injured. He seeks relief under the FTCA against Miller in his official capacity and against Miller in his individual capacity for his "malicious acts." He seeks damages and other relief.

### FTCA Claim

In Count One, the plaintiff seeks to raise a claim under the FTCA against Miller in his official capacity. The FTCA permits claims only against the United States, not against individuals and federal agencies. FDIC v. Meyer, 510 U.S. 471 (1994). The FTCA provides individual federal employees with immunity from personal tort liability. Whenever federal employees are alleged to have committed common law torts within the scope of their employment, the remedy under the Act is against the United States. See Federal Employee Liability Reform & Tort Compensation Act of 1988, 1988 Amendment to 28 U.S.C. §2679; H.Rep. 100-700, 100th Cong.2d Sess. 2, U.S. Code Cong. & Admin. News 1988, p. 5945; see also Newmand v. Soballe, 871 F.2d 969 (11 Cir. 1989). Accordingly, the FTCA claim should proceed only against the United States.

Although the plaintiff alleges that Miller engaged in "malicious" acts, at this time the claim should be liberally construed to raise a negligence claim. The plaintiff states that he filed an administrative claim with the BOP, which issued a letter in May, 2008 apparently denying the claim.

### Constitutional Claims

Liberally construed, the plaintiff alleges that Miller violated his First Amendment rights by retaliating against for asserting his right to be present during a cell search, and violated his Eighth Amendment rights by placing him in a top bunk knowing that he had a need for a lower bunk and which resulted in a physical injury.

## Retaliation Claim

The plaintiff alleges that Miller retaliated against him by placing him in a top bunk in the SHU after he exercised his right to be present during a cell shakedown.

To prevail on a constitutional claim of retaliation against prison officials, an "inmate must establish . . . three elements: (1) his speech [or action] was constitutionally protected; (2) the inmate suffered adverse action such that the [defendants'] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech [or action]; and (3) there is a causal relationship between the retaliatory action and the protected speech [or act]. See Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11 Cir. 2005); Smith v. Mosley, 532 F.3d 1270, 2008 WL 2609353, *4 (11 Cir. July 3, 2008).

In this case, it cannot be determined at this time whether the plaintiff engaged in protected speech, the first element of a constitutional retaliation claim. The plaintiff claims that he exercised his right to be present during a cell search, though he does not explain form where this right is derived. Generally, there is no "right" to be present during a cell search, Bell v. Wolfish, 441 U.S. 520, 535 (1979), and thus the conduct may not be

considered protected. Because the plaintiff alleges that Miller took immediate, retaliatory action following the cell search, this claim is minimally sufficient to pass the initial screening hurdle or the Twombly or a "heightened pleading" standard.

### Eighth Amendment Claim

The plaintiff alleges that Miller violated his Eighth Amendment rights by refusing to honor his medical pass and/or need to be placed in a bottom bunk, which resulted in physical injury when the plaintiff fell out of the top bunk in the SHU.

"The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 8328 (1994)(citing Rhodes v. Chapman, 542 U.S. 337, 349 (1981)). The Eighth Amendment prohibition against cruel and unusual punishment requires that prison officials provide "humane conditions of confinement" including "adequate food, clothing, shelter and medical care." Farmer, 511 U.S. at 832. "[T]o establish an Eighth Amendment violation an inmate must allege both an objective element that the deprivation was sufficiently serious-and a subjective element that a prison official acted with a sufficiently culpable state of mind, i.e., deliberate indifference." Wilson v. Seiter, 501 U.S. 294 (1991). "The objective inquiry is whether the inmate was "denied the minimal civilized measure of life's necessities." Hudson v. McMillian, 503 U.S. 1, 9 (1992)). To satisfy the subjective component, an inmate must prove that a prison official demonstrated "deliberate indifference" to a serious risk of harm to which the inmate was exposed. Farmer, 511 U.S. at 836-37. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and

disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

The plaintiff alleges that Miller was aware of an excessive risk to his health or safety in that the plaintiff had a lower bunk pass, Miller was apparently told that the plaintiff needed to be housed on a bottom bunk and it was obvious that he had an injured hand. At this early stage, although the factual allegations are not well developed, the Undersigned finds that the plaintiff has sufficiently created an inference that Miller may have acted with deliberate indifference by ignoring the lower bunk pass and, liberally construed, this clam meets the Twombly and any "heightened pleading" standard. See Lindsey v. McNeil, 2009 WL 435203 (S.D. Fl. 2009)(denying summary judgment on a claim that corrections officers failed to honor lower bunk pass).

### III. Conclusion

Based on the foregoing, it is recommended that:

1. The Amended Complaint proceed against the United States under the FTCA.

2. The Amended Complaint proceed on claims of First and Eighth Amendment violations against Miller, in his individual capacity.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 4th day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Pedro Flores-Estrada, <u>Pro Se</u>
      Reg. No.  06149-2656
      FCI Allenwood
      P. O. Box 1000
      White Deer, PA 17887-2000