```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 08-22758-CIV-LENARD
                                   MAGISTRATE JUDGE P.A. WHITE
PEDRO FLORES-ESTRADA,        :

     Plaintiff,              :

v.                           :          REPORT OF
                                     MAGISTRATE JUDGE
WARDEN WOMBACHER, et al.,    :

     Defendants.             :
```

## I    INTRODUCTION

In this case, plaintiff Pedro Flores-Estrada filed an Amended Complaint [DE#22] pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2674, et seq., and Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). On the FTCA claim the United States is the proper defendant; and on the Bivens claim Flores-Estrada is suing FCI-Miami Lt. Miller in his individual capacity.[1] A scheduling Order(DE#38) set deadlines for completion of pretrial procedures, including discovery by December 7, 2009; the filing of motions to dismiss or for summary judgment by January 11, 2010; and the filing of plaintiff's and defendants' pretrial statements, respectively, by January 25 and February 4, 2010. Upon its motion for extension of time (DE#53), the United States was granted leave to depose the plaintiff, and all dates in the pretrial scheduling Order were extended by 60 days (Order DE#56).

**This Cause is before the Court upon defendant Miller's motion to dismiss, or in the alternative for summary judgment (DE#37),**

---

[1] Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In Bivens, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right.  Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution.  "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981). Thus, courts generally apply §1983 law to Bivens cases.  Abella v. Rubino, 63 F.3d 1063, 1065 (11 Cir. 1995).

with supporting declarations by a BOP Legal Instruments Examiner Ruth Wombacher (DE#37-1), and by Defendant Miller (DE#37-2). The plaintiff Flores-Estrada, as a pro se litigant was instructed that Miller's filing would be treated as a motion for summary judgment, and was informed of his right to oppose it. (See Order of Instructions, DE#40).[2] The Order DE#40 provided the plaintiff with

---

[2]  Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is proper

> [i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against

> a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.  (citations omitted)

Thus, in Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.  The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. (citations omitted). Thus, pursuant to Celotex and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those parts of the record that demonstrate the nonexistence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. Hoffman v. Allied Corp., 912 F.2d 1379, 1382 (11 Cir.1990).If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party, to come forward with sufficient evidence to rebut this showing with affidavits or other relevant and admissible evidence. Avirgan v. Hull, 932 F.2d 1572, 1577 (11 Cir.), cert. denied, 112 S.Ct. 913 (1992). It is the nonmoving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. Earley v. Champion International Corp., 907 F.2d 1077, 1080 11 Cir.1990). The non-moving party cannot rely solely on his complaint and

(continued...)

instructions regarding the requirements under Fed.R.Civ.P. 56 for a proper response to such a motion. Plaintiff Flores-Estrada filed a Response (DE#46), in opposition to Miller's motion which seeks disposition of the Bivens complaint against him. The plaintiff also filed an Affidavit (DE#47).

As for the FTCA claim, the defendant United States of America has filed an Answer and Affirmative Defenses (DE#36), but as of this date has filed no motion to dismiss or for summary judgment.

## II    DISCUSSION

As discussed in the Preliminary Report (DE#24), the Bivens complaint, liberally construed, alleges that defendant Miller violated plaintiff Flores-Estrada's First Amendment rights by placing him in a top bunk knowing that he needed a lower bunk. Plaintiff alleges that Miller's action was retaliation for his [plaintiff's] complaint that he had a right to be present at his cell during a of his cell in the Special Housing Unit ("SHU"). The complaint also alleges that Miller violated plaintiff's Eighth Amendment rights by refusing to honor his medical pass and/or need to be placed in a bottom bunk, thereby resulting in physical injury when he fell out of the top bunk at the SHU.

---

(...continued)
other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial Fed.R.Civ.P. 56(e); Coleman v. Smith, 828 F.2d 714, 717 (11 Cir.1987). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Baldwin County, Alabama v. Purcell Corp., 971 F.2d 1558 (11 Cir.1992). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11 Cir. 1990) (citing Anderson v. Liberty Lobby, Inc., supra).

Pursuant to Brown v. Shinbaum, 828 F.2d 707 (11 Cir. 1987), the Order of Instructions to Pro Se Plaintiff Concerning Response to Motion for Summary Judgment (DE#26) was entered to inform the *pro se* plaintiff of his right to respond to the defendant's motion for summary judgment, and to instruct him regarding requirements under Fed.R.Civ.P. 56 for a proper response to such a motion.

In his motion (DE#37), defendant Miller argues that he is entitled to summary disposition of the complaint, in his favor, on multiple grounds. First, Miller argues that the Bivens complaint is subject to dismissal because the inmate plaintiff failed to fully exhaust his available administrative remedies before filing suit in federal Court, as required under the administrative exhaustion provision of the Prison Litigation Reform Act of 1995 ("PLRA"), which is codified at 42 U.S.C. §1997e(a). Miller alternatively argues that the plaintiff fails to state a claim for retaliation or for deliberate indifference to a serious risk of harm, and argues that he is entitled to qualified immunity.

For reasons further discussed, below, it is apparent that the Court, pursuant to the statutory mandate of the PLRA, and the case law interpreting §1997e(a), must dismiss that portion of the complaint which arises under Bivens, because the inmate/plaintiff Flores-Estrada did not exhaust his available administrative remedies pursuant to 28 C.F.R. §542.10, et seq., before seeking relief in federal court. To treat the Bivens complaint otherwise would create a loophole which would undermine PLRA. In light of this recommendation, any detailed discussion regarding the defendant's alternative defenses is not warranted.

As enacted on April 26, 1996, the PLRA significantly altered a prisoner's right to bring civil actions in forma pauperis, and in pertinent part places new restrictions on a prisoner's ability to seek federal redress concerning the conditions of his confinement. Title 42 U.S.C. §1997e, entitled Suits by Prisoners, provides, in pertinent part, as follows:

> (a) Applicability of administrative remedies
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

As a federal prisoner who has filed suit pursuant to <u>Bivens</u>, the plaintiff Flores-Estrada's <u>Bivens</u> claims of retaliation and indifference to his safety cannot be brought against the defendant Miller in his individual capacity in the federal forum unless he has first exhausted his federal administrative remedies, 28 C.F.R. §542.10 et seq.; and where such administrative remedies have not been exhausted, the defendant is correct in arguing that claims are subject to dismissal pursuant to 42 U.S.C. §1997e. <u>Irwin v. Hawk</u>, 40 F.3d 347 (11 Cir. 1994); <u>Irwin v. Quinlan</u>, 791 F.Supp. 301, 302 (S.D.Ga. 1992) (citing <u>Pyles v. Carlson</u>, 698 F.2d 1131, 1132 (11 Cir. 1983)). Both before and following enactment of the PLRA, and the amendment of 42 U.S.C. §1997e, the requirement that a federal prisoner must exhaust his or her remedies available within the prison system before bringing suit in federal court has been held to apply regardless of whether the prisoner's claims seek injunctive relief, monetary relief, or both. <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1019 (9 Cir. 1991); <u>Irwin v. Quinlan</u>, <u>supra</u>; <u>Alexander v. Hawk</u>, 159 F. 3d 1321, 1325-26 (11 Cir. 1998); <u>Massey v. Helman</u>, 35 F.Supp.2d 1110, 1112-14 (C.D.Ill. 1999); <u>Fortes v. Harding</u>, 19 F.Supp.2d 323, 324-26 (M.D.Pa. 1998).

The administrative remedy procedure for federal prisoners to exhaust claims raised pursuant to <u>Bivens</u> is set forth at 28 C.F.R. §542.10, et seq. <u>See</u> <u>Davis v. United States, et al.</u>, No. 07-14639, 272 Fed.Appx. 863, 865, 2008 WL 943594, at *2 (11 Cir., April 9, 2008); <u>Lambert v. United States, et al.</u>, No. 05-16607, 198 Fed. Appx. 835, 840, 2006 WL 2468533, at *4 (11 Cir., Aug.28, 2006). It is a three-level process in which the prisoner's complaint must be initiated at the prison, and if denied must be appealed successively to the Regional Director and General Counsel of the Bureau of Prisons. First the inmate must file form BP-9 with the warden of his institution. If dissatisfied with the response, the inmate can appeal, using form BP-10, to the Regional Director. The inmate can further appeal using form BP-11, to the General Counsel in the Bureau of Prisons Central Office. Administrative remedies have not been exhausted until the inmate's claim has been filed at all

levels and has been denied at all levels.  See 28 C.F.R. §§542.10 - 542.16.

The kind of claim raised by the plaintiff in this case comes under the purview of the statute.[3]

The Courts have made clear that §1997e(a), as amended, requires a prisoner to have exhausted those administrative processes which are available to him before bringing suit on a claim in federal court. Alexander v. Hawk, 159 F.3d 1321 (11 Cir. 1998); Booth v. Churner, 532 U.S. 731, 736-41 (2001) (holding that "one 'exhausts' processes, not forms of relief..."); Miller v. Tanner, 196 F.3d 1190, 1193 (11 Cir. 1999) (incarcerated state prisoner must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under §1983); Harper v. Jenkin, 179 F.3d 1311, 1312 (11 Cir. 1999) (where a grievance was not timely filed, an appellant must have sought leave to file an out-of-time grievance, and if he has not done so before bringing suit, then his administrative remedies will be considered unexhausted, since to find otherwise would allow inmates to simply ignore the PLRA's exhaustion requirement and still gain access to federal court).

Thus, the Courts have held that satisfaction of the PLRA exhaustion requirement serves as a threshold issue, since the statutory mandate requires an inmate/prisoner must have fully exhausted the administrative remedies/processes which are available to him or her, before bringing suit on a claim in federal court, regardless

---

[3] The types of claims which fall within the purview of the statute are not limited to physical conditions encountered within the inmate's cell such as heating or cooling, limited space, or squalor.  The Courts have held that a wide spectrum of claims constitute "prison conditions" for purposes of §1997e. This includes, for example, allegations of medical indifference, use of excessive force, and retaliation. See: Allen v. Vaugner, No. 2:07-CV-90-ID, 2009 WL 857000 (M.D.Ala., March 26, 2009) (Bivens action, alleging retaliation, dismissed pursuant to 42 U.S.C. §1997e(a), for lack of exhaustion); Harper v. Jenkin, 179 F.3d 1311 (11 Cir. 1999) (prisoner medical claims); Booth v. Churner, et al., 206 F.3d 289 (3 Cir. 2000) (case involving excessive force by guards; in which the Court held that for purposes of the PLRA, conditions of confinement-- in addition to complaints about things such as overcrowding, inadequate medical facilities, and inadequate law library facilities -- also include denial of food, denial of heating, and denial of medical attention, because all such actions "affect the lives of prisoners similarly," and "make their lives worse").

of the form of relief that the administrative process makes available. See Booth, supra 532 U.S. at 736-41; Higginbottom v. Carter, 223 F.3d 1259 (11 Cir. 2000); Miller, supra, 196 F.3d at 1193; Harris v. Garner, 190 F.3d 1279, 1286 (11 Cir. 1999); Harper, supra, 179 F.3d at 1312; Alexander, supra, 159 F.3d at 1325-26.

The Eleventh Circuit and Supreme Court have outlined policy concerns underlying the exhaustion requirement, which are served when inmates are not permitted to simply ignore the PLRA's exhaustion requirement, and yet gain access to federal court.[4]

Even when an inmate argues that it would be futile for him to attempt to exhaust the administrative processes which are available as part of an established inmate grievance procedure, that does not excuse the inmate/plaintiff's failure to comply with the statutory requirement that he do so.[5]

---

[4] The Eleventh Circuit has described seven policy reasons for favoring an exhaustion requirement: (1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources, since the complaining party may be successful in vindicating rights in the administrative process and the courts may never have to intervene; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures. Alexander v. Hawk, supra, 159 F.3d at 1327; Johnson v. Meadows, 418 F.3d 1152, 1156 (11 Cir. 2005). The Supreme Court, in 2002, observed that the current exhaustion requirement under §1997e(a) was designed to reduce the quantity and improve the quality of prisoner suits, and affords corrections officials an opportunity to address complaints internally before allowing the initiation of a federal case; and in some instances, corrective action taken in response to a grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. Porter v. Nussle, 534 U.S. 516, 516-17 (2002). The Court further noted that in other instances, the internal review might filter out some frivolous claims; and for cases ultimately brought to court, an administrative record clarifying the controversy's contours could facilitate adjudication. Id. at 517.

[5] The term "available," as used in Section 1997e(a), does not mean that inmates must only exhaust their administrative remedies if the type of relief they seek is "available" within the administrative apparatus; instead, the term means that a prisoner must exhaust all administrative remedies that are available before filing suit, regardless of their adequacy. Alexander v. Hawk, supra at 1325-26; Harris v. Garner, 190 F.3d 1279, 1286 (11 Cir. 1999). This means that an inmate who is seeking money damages as relief from defendants in a lawsuit must exhaust all of his administrative remedies before filing suit, even if money damages are not available as relief through the jail or prison grievance procedure. Alexander, supra; Moore v. Smith, 18 F.Supp.2d 1360, 1364 (N.D.Ga.

(continued...)

7

In this case, the defendant Miller correctly argues in his motion (DE#37) that plaintiff Flores-Estrada failed to exhaust his available administrative remedies before bringing this <u>Bivens</u> action in federal court. This is demonstrated through the Affidavit of Ruth Wombacher, which establishes the following. As of the date of her 8/10/09 Affidavit, Wombacher's review of the BOP's SENTRY database, which tracks all BP-9, BP-10, and BP-11 forms filed by BOP inmates, reveals that the inmate Flores-Estrada had filed no such administrative remedy requests with the BOP; and accordingly, based on the BOP records, he had not exhausted his administrative remedies regarding the issues he raised against defendant Miller pursuant to <u>Bivens</u> in this case.

---

[5](...continued)
1998). The Supreme Court has explained that "available" refers to the "possibility of some relief for the action complained of." <u>Booth v. Churner</u>, 532 U.S. 731, 738 (2001); <u>Hall v. Richardson</u>, 144 Fed.Appx. 835, 836, n.2 (11 Cir. 2005) (citing <u>Booth</u>, for the Court's definition of "available" in the context of §1997e(a)).

The Eleventh Circuit has held that "the judicially recognized futility and inadequacy exceptions do not survive the new mandatory exhaustion requirement of the PLRA," <u>Alexander v. Hawk</u>, <u>supra</u>, 159 F.3d at 1325-26; <u>Harris v. Garner</u>, 190 F.3d 1279, 1286 (11 Cir. 1999). Where exhaustion is now a precondition to suit "the courts cannot simply waive those requirements where they determine that they are futile or inadequate," since "such an interpretation would impose an enormous loophole in the PLRA which Congress clearly did not intend," and because "[m]andatory exhaustion is not satisfied by a judicial conclusion that the requirement need not apply," <u>Alexander</u>, <u>supra</u>, at 1326 [<u>citing</u>, <u>Weinberger v. Salfi</u>, 422 U.S. 749, 766 (1975) (holding that where exhaustion is a statutorily specified jurisdictional prerequisite, "the requirement...may not be dispensed with merely by a judicial conclusion of futility")]. <u>Cf.</u> <u>Qawi v. Stegall, et al.</u>, 211 F.3d 1270 [table case, published on Westlaw], No. 98-1402, 2000 WL 571919, at *1-2 (6 Cir. (Mich) May 3, 2000) (Circuit Court affirming district Court's dismissal of the complaint for lack of exhaustion, and noting that the dismissal was appropriate even though by time of the appeal the plaintiff's administrative remedies might have become time-barred) (citing <u>Hartsfield v. Vidor</u>, 199 F.3d 305, 309 (6 Cir. 1999); and <u>Wright v. Morris</u>, 111 F.3d 414, 417, n.3 (6 Cir. 1997)). Even an inmate's transfer from an institution does not remove the requirement that he/she pursue and exhaust administrative remedies concerning events which occurred at the institution prior to the inmate/prisoner's transfer. <u>See</u> <u>Hall v. Richardson</u>, 144 Fed.Appx. 835, 836, n.2 (11 Cir. 2005) (in case where plaintiff argued on appeal that he could not exhaust his administrative remedies because he was transferred from the institution where the alleged violations occurred, that he could no longer pursue exhausting his remedies through the administrative process, and that the transfer should be deemed to have removed the exhaustion requirements, the Appellate Court, upon affirming the district Court's dismissal pursuant to §1997e(a), rejected the plaintiff's arguments, and in doing so noted that incidents he complained of had occurred in December 2000 and December 2001, but he was not transferred until February 28, 2002, and therefore he had not exhausted his administrative remedies when he had the opportunity to do so).

Defendant's assertion that Flores-Estrada failed to fully exhaust his administrative remedies is further supported by Flores-Estrada's argument in his Response (DE#46) that, with regard to his <u>Bivens</u> claims for damages, in order to exhaust his administrative remedies as required by the PLRA under §1997e(a), he need not have utilized and exhausted the remedies that are available under 28 C.F.R. §542.10, et seq. Flores-Estrada reasons/argues that he separately pursued administrative remedies with regard to his FTCA claim [that arises out of the same events that formed the basis for his claim under <u>Bivens</u>] and reasons that that is enough.[6] In this regard, however, plaintiff Flores-Estrada is mistaken. Any notice that he may have given under the FTCA is not sufficient to have exhausted his available administrative remedies with regard to separate claims that arise under <u>Bivens</u>. <u>See</u> <u>Lambert</u>, <u>supra</u>, 2006 WL 2468533, at *4 (holding that plaintiff Lambert's contention that he gave notice under the FTCA did not suffice to exhaust his <u>Bivens</u> claims, as there are separate administrative procedures for exhausting tort claims [28 C.F.R. §543.30 *et seq.*), and <u>Bivens</u> claims involving conditions of confinement [28 C.F.R. §542.10 et seq.]).

Here, the plaintiff Flores-Estrada should not be permitted to circumvent the required, established administrative exhaustion procedure, and proceed on his <u>Bivens</u> claims in this action before having exhausted his available administrative remedies at all three levels (BP-9, BP-10, and BP-11), as required under §542.10 et seq.

### III.   <u>CONCLUSION</u>

---

[6] Plaintiff Flores-Estrada claims that he filed claim under the FTCA. The defendant United States states in its Answer (DE#36) that the plaintiff did file an FTCA claim on or about September 20, 2008, and states that it was assigned number TRT-SER-2008-00124, and that the claim was denied on May 20, 2008. [While these allegations and statements from the record are noted here, the Court makes no findings with regard to the FTCA claim, or with regard to exhaustion of administrative remedies pertaining thereto).

It is therefore recommended that: 1) the defendant Miller's motion to dismiss or for summary judgment (DE#37) be GRANTED as to plaintiff's claims pursuant to Bivens, based on the threshold defense that plaintiff Flores-Estrada failed to satisfy the pre-suit requirement under 42 U.S.C. §1997e(a), i.e., that he must have exhausted all of his available administrative remedies under 28 C.F.R. §542.10, et seq., before bringing suit in federal court pursuant to Bivens; and 2) this case remain pending as to the defendant United States on plaintiff Flores-Estrada's claim raised pursuant to the FTCA.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated: January 12th, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc:   Pedro Flores-Estrada, Pro Se
      Reg. No. 09-1596
      Clinton County Correctional Facility
      P.O. Box 419
      McElhattan, PA 17748-0419


      Marlene Alicia Fernandez-Karavetsos
      Assistant United States Attorney
      United States Attorney's Office
      99 N.E. Fourth Street
      Miami, FL 33132